No. 5033.

(Court of Appeal, Parish of Orleans.)

## H. M. JOURNEE vs. JAMES E. BLUCK.

F. S. Weis for plaintiff and appellant.

Benj. Ory for defendant and appellee.

DUFOUR, J.—The petition in this case recites, among other matters, that plaintiff, at the request of defendant, paid for the latter certain taxes due on real estate owned by defendant, and further alleges a subrogation in plaintiff's favor by the tax collector for the amount of the taxes so paid.

The plaintiff claims re-imbursement and prays for a personal judgment against the defendant.

He also prays for a recognition of the subrogation to him of the State's rights, liens and mortgage and for the seizure and sale of the property in accordance with the provisions of Section 89 of Act 170 of 1898.

Exceptions were filed that the petition did not disclose a cause of action and that the Court was without jurisdiction to entertain a suit to enforce payment of taxes, such a suit being prohibited by **Art. 233 of the Constitution of 1898.**

A petition reciting that a tax was paid by plaintiff for defendant, at the latter's request, on the latter's property, and praying for a **personal** judgment for the amount

— 417 —

so paid discloses a cause of action. If these facts be proved, there must be recovery.

The matter is merely one of settlement between principal and agent and it cannot, from any point of view, be looked upon as the enforcement of a tax by suit, within the inhibition of Art. 233 Constitution of 1898.

We are not at present called upon to express any opinion as to the rights claimed under the subrogation by the State Tax Collector or as to any form of relief prayed for other than the personal judgment against the debtor.

The judgment maintaining the exception of no cause of action is reversed and the cause is remanded for trial on the merits, costs of appeal to be paid by defendant and those of the lower court to await final determination of the cause.